mc

Abdul Mohammed
258 East Bailey Rd Apt C
Naperville, IL 60565
Ph.-:630-597-3098
aamohammed@hotmail.com

16CV5263
JUDGE WOOD
MAG. JUDGE GILBERT

## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ABDUL MOHAMMED, PLAINTIFF, vs. ISLAMIC CIRCLE OF NORTH AMERICA, ICNA RELIEF USA AND/OR THEIR PARENT, SUBSIDIARIES AND AFFILIATES (COLLECTIVELY "ICNA"), MALIKA RUSHDAN, AND SAIMA AZFAR, INDIVIDUALLY AND AS AGENTS, SERVANTS, EMPLOYEES, VOLUNTEERS AND BOARD MEMBERS OF "ICNA", JOHN AND JANE DOE DEFENDANTS OF "ICNA"1-100, DEFENDANTS | Case No.: COMPLAINT WITH JURY DEMAND |

FILED

MAY 1 6 2016 

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## PARTIES

- The plaintiff was a resident of the State of Illinois at all times when violations of various federal laws and statutes by the defendants occurred.
- The plaintiff continues to reside in the State of Illinois.
- The defendants Islamic Circle of North America and ICNA Relief USA are both Not for Profit Corporations, authorized to conduct operations and conducting operations in the district of this court's jurisdiction, with its principal places of business located at 166-26, 89th Ave, Queens, NY 11432 and 87-91 144th St, Jamaica, NY 11435 respectively.
- The defendants Islamic Circle of North America and ICNA Relief USA has their Midwest Regional office in Illinois located at 1793 Bloomingdale Rd, Glendale Heights, IL 62703.
- The defendant Malika Rushdan is a resident of the State of New York.
- The defendant Saima Azfar is a resident of the State of Illinois
- The addresses of the John and Jane Doe defendants are unknown.

## JURISDICTION AND VENUE

- Plaintiff brings his complaint under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.
- The court has original jurisdiction pursuant to 28 U.S.C. § 1331 because plaintiff asserts claims that arise under the laws of the United States.
- This court has personal jurisdiction over the Defendants, at least by virtue of having conducted and presently conducting business in this district and/or having committed one or more acts of violation in this district.

- This court has personal jurisdiction over the plaintiff by virtue of the plaintiff being the resident of this district at all given times of the violations in this complaint.
- Venue is proper in the United States District Court for the Northern District of Illinois.

## FACTUAL BACKGROUND

1. The Plaintiff's wife was arrested on April 3, 2016 on two counts of domestic battery.
2. The Plaintiff got an Emergency Order of Protection on April 4, 2016 against his wife.
3. On April 14, 2016, the Plaintiff attended Court hearing in relation to his wife's criminal charges.
4. All through the hearing, the Plaintiff's wife was apologizing to him for her crimes and pleading with him to bond her out of the jail.
5. On April 22, 2016, the Plaintiff attended a Court hearing for Permanent Order of Protection.
6. All through this hearing also, the Plaintiff's wife was apologizing to him for her crimes and pleading with him to bond her out of the jail.
7. On April 23, 2016, the Plaintiff's wife was bonded out of jail by the defendants.
8. On May 4, 2016, the Defendants contacted the Plaintiff through Islamic Center of Naperville, in order to influence the Plaintiff to drop the charges against his wife and not to seek the Permanent Order of Protection.
9. Between May 5, 2016 and May 10, 2016, the Defendants coached the Plaintiff's wife to lie in Court and to testify that she battered the Plaintiff in Self Defense
10. Until she was in jail, the Plaintiff's wife was apologizing to him for her crimes and pleading with him to bond her out of the jail and as soon as she was bonded out by the Defendants and went to live in the shelter run by Defendants, she changed her tone and filed a Motion for Self Defense through the Public Defender on May 10, 2016.
11. The defendants by coaching the Plaintiff's wife has committed Witness Tampering and Obstruction of Justice.
12. Not only the Defendants coached the Plaintiff's wife to commit perjury but they also gave this criminal case the color of, **State of Illinois v A Muslim woman.**
13. **In both the Mosques in Naperville, the Defendants presented this case as State of Illinois v A Muslim woman in order to whip up religious tensions.**
14. **As a matter of fact, in both the Mosques in Naperville, the Defendants presented this case as United States of America v A Muslim Woman in order to whip up religious tensions.**
15. The Defendants also harbored, concealed and shielded from detection by law enforcement agencies, the Plaintiff's wife who is an undocumented immigrant in reckless violation of Federal Immigration and Nationality Act Section 8 USC 1324(a)(1)(A)(iv)(b)(iii).
16. The Defendants are also harboring, concealing and shielding from detection by law enforcement agencies, many undocumented immigrants other than the Plaintiff's wife in reckless violation of Federal Immigration and Nationality Act Section 8 USC 1324(a)(1)(A)(iv)(b)(iii).
17. The Defendants shamed the Plaintiff in his place of worship for pursuing criminal charges against his wife.
18. The Defendants inflicted immense mental anguish and emotional distress by bringing his personal life in open forum in the mosques just on the belief that his wife is innocent and the Plaintiff is guilty in the ongoing criminal case.
19. The Defendants egregious behavior has caused immense and irreparable damage to Plaintiff's reputation in his community.
20. The Defendants knew, anticipated, foresaw, and intended that their behavior will damage the Plaintiff's reputation in his community.
21. The Defendants intentionally retaliated against the Plaintiff in a reckless and wanton manor and intentionally inflicted physical and mental injury.

## COUNT-1

## TAMPERING WITH THE WITNESS, VICTIM OR AN INFORMANT
## (18 U.S. CODE § 1512)

22. Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.
23. By acts described in Paragraphs 1-21, the Defendants, violated Tampering with the Witness, Victim or an informant (18 U.S. CODE § 1512) which is also a predicate of RICO Act.
24. As a direct and proximate result of the defendants' conduct, the plaintiff has been caused to suffer severe emotional distress and mental anguish, and such other damages, all to his detriment.

> *WHEREFORE,* the plaintiff demands judgment against these defendants, jointly, severally, and in the alternative pursuant to RICO ACT for treble compensatory damages, treble punitive damages, treble costs and such other relief as the court may deem just and proper.

## COUNT-2
## RETALIATING AGAINST A WITNESS, VICTIM, OR AN INFORMANT
## (18 U.S. CODE § 1513)

25. Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.
26. By acts described in Paragraphs 1-21, the Defendants, violated Retaliating against Witness, Victim, or an Informant (18 U.S. CODE § 1513) which is also a predicate of RICO Act.
27. As a direct and proximate result of the defendants' conduct, the plaintiff has been caused to suffer severe emotional distress and mental anguish, and such other damages, all to his detriment.

> *WHEREFORE,* the plaintiff demands judgment against these defendants, jointly, severally, and in the alternative pursuant to RICO ACT for treble compensatory damages, treble punitive damages, treble costs and such other relief as the court may deem just and proper.

## COUNT-3
## DEFAMATION

27. Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.
28. By acts described in Paragraphs 1-21, the Defendants has defamed the Plaintiff and caused irreparable injury to his reputation at his place of worship and within his community.
29. The defendants and each of them committed the actions set forth in this complaint with the intentions of injuring the plaintiff and in extreme disregard of the plaintiff's rights thereby, entitling plaintiff to an award of punitive damages.

> *WHEREFORE,* the plaintiff demands judgment against the defendants jointly, severally, and in the alternative for damages, compensatory damages, punitive damages in the amount of **$5000,000 (Five Million Dollars),** costs and any such other relief as the court may deem just and proper.

## COUNT-4
## UNLAWFUL BRINGING IN AND HARBORING CERTAIN ALIENS
## (8 U.S. CODE § 1324)

30. Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.

31. The defendants in reckless disregard of the fact that the Plaintiff's wife has come to, entered, or remains in the United States in violation of law, transported her and other undocumented immigrants who are not authorized to stay in United States.
32. The defendants aided, abetted, conspired, encouraged and induced the Plaintiff's wife to reside in the United States, in reckless disregard of the fact that such residence is or will be in violation of law.
33. The defendants harbored, concealed, shielded from detection and are continuing to harbor, conceal and shield from detection, the Plaintiff's wife and other undocumented immigrants who are not authorized to stay in United States with actual knowledge that the Plaintiff's wife and other undocumented immigrants, has come to, entered and remains in the United States in violation of 8 U.S. CODE § 1324.
34. The defendants by harboring, concealing, shielding from detection and by continuing to harbor, conceal and shield from detection, "substantially facilitated" the remaining of the Plaintiff's wife and other undocumented immigrants who are not authorized to stay in United States in violation of 8 U.S. CODE § 1324.
35. The defendants by committing the preceding acts has violated 8 U.S. CODE § 1324.
36. The defendants by violating the 8 U.S. CODE § 1324, has caused grievous financial, physical and mental injury to United States Citizens, Permanent Resident Aliens and other legal immigrants including the plaintiff who are authorized to stay in United States.

> ***WHEREFORE,*** the plaintiff demands judgment against these defendants, jointly, severally, and in the alternative pursuant to RICO ACT for treble compensatory damages, treble punitive damages, treble costs and such other relief as the court may deem just and proper.

## COUNT-5
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37. Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.
38. The actions of the defendants and each of them set forth more specifically, above in this complaint, were extreme and outrageous and were of such extreme and outrageous character not to be tolerated in a decent and civilized community.
39. The defendants knowingly, deliberately, and intentionally committed the acts alleged in this complaint against the plaintiff and recklessly disregarded the probability of causing the plaintiff severe emotional distress.
40. The defendants and each of them intentionally committed the acts alleged in this complaint against the plaintiff and caused the plaintiff to suffer fear, depression, humiliation, severe mental anguish and severe physical and emotional distress, directly and proximately causing damages to the plaintiff.
41. The defendants and each of them committed the actions set forth in this complaint with the intentions of injuring the plaintiff and in extreme disregard of the plaintiff's rights thereby, entitling plaintiff to an award of punitive damages.

> ***WHEREFORE,*** the plaintiff demands judgment against the defendants jointly, severally, and in the alternative for damages, compensatory damages, punitive damages, costs in the amount of $5000,000 (Five Million Dollars) and any such other relief as the court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by a jury on all issues herein.

## CERTIFICATION

I, Abdul Mohammed, certify that to the best of my knowledge, the claims raised herein are not the subject of any other action pending in any court or any arbitration proceeding, and no such other action or arbitration is contemplated.

I certify that the foregoing statements made by me are true and accurate to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for perjury.

Dated this 12nd of May 2016.

_____
Abdul Mohammed